[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-15316
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 27, 2012
JOHN LEY
CLERK

D.C. Docket No. 1:11-cr-20191-DMM-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MIGUEL REYES-VALENTINO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 27, 2012)

Before TJOFLAT, CARNES and KRAVITCH, Circuit Judges.

PER CURIAM:

Miguel Reyes-Valentino appeals his convictions and sentences for using a passport secured by a false statement in violation of 18 U.S.C. § 1542, and for attempting to gain entry into the United States falsely by representing himself to be a citizen of the United States to a United States Customs and Border Protection officer in violation of 18 U.S.C. § 911. Reyes-Valentino contends that the district court erred by denying his motion to suppress statements he made to a customs officer at an airport.

## I.

Reyes-Valentino, a native of Mexico, tried to enter the United States through Miami International Airport with a fraudulent passport, telling customs officers he was a United States citizen from Puerto Rico. A grand jury indicted him for violating 18 U.S.C. §§ 1542 and 911. Shortly after his arraignment, the district court set a deadline of April 14, 2011, for all pretrial motions under Federal Rule of Criminal Procedure 12(c). On May 13, 2011, the public defender filed a motion to withdraw as counsel because Reyes-Valentino was "totally dissatisfied" with him and believed he was not "fighting" for him. The district court granted that motion and then appointed Reyes-Valentino new counsel on May 25, 2011.

On June 6, 2011, Reyes-Valentino signed a plea agreement and pleaded guilty to violating 18 U.S.C. § 1542. More than a month later, Reyes-Valentino

moved pro se to remove his new counsel, arguing, among other things, that his attorney coerced and misled him to take the plea deal. He then made a motion to withdraw his plea. The district court granted both motions, vacating the guilty plea and appointing Reyes-Valentino a third attorney on July 27, 2011. The trial was set for August 24, 2011.

On August 17, 2011, a week before trial, the third attorney moved to suppress Reyes-Valentino's statements to a customs officer at the Miami airport. The motion argued that, in violation of Reyes-Valentino's constitutional rights, the customs officer refused his request for an attorney and coerced him into making incriminating statements, partly by withholding his diabetes medicine in exchange for his cooperation.

The district court denied the motion as untimely. But it held a suppression hearing the day before trial to preserve the merits of Reyes-Valentino's argument for the record. It then denied his motion on the merits, finding that there was no custodial interrogation and that Reyes-Valentino was not credible.

After a one-day trial, a jury convicted Reyes-Valentino of both counts. He renewed his objections to the admission of the statements, which the district court denied. The court then sentenced him to 21 months in prison. He now appeals.

II.

We review only for an abuse of discretion a district court's denial of a motion to suppress as untimely. United States v. Milian-Rodriguez, 828 F.2d 679, 683 (11th Cir. 1987). A motion to suppress evidence must be made before trial. Fed. R. Crim. P. 12(b)(3)(C). A district court, however, may "at the arraignment or as soon afterward as practicable, set a deadline for the parties to make pretrial motions and may also schedule a motion hearing." Fed. R. Crim. P. 12(c). "A party waives any Rule 12(b)(3) defense, objection, or request not raised by the deadline the court sets under Rule 12(c) or by any extension the court provides." Fed. R. Crim. P. 12(e). If a party demonstrates good cause, the district court may grant relief from the waiver. Id. "Good cause is not shown where the defendant had all the information necessary to bring a Rule 12(b) motion before the date set for pretrial motions, but failed to file it by that date." United States v. Seher, 562 F.3d 1344, 1359 n.15 (11th Cir. 2009).

In this case, Reyes-Valentino's third attorney argues that he could not review the discovery and file the suppression motion before the Rule 12(c) deadline because of his late appointment. However, the factual basis for the allegations that the customs officer allegedly coerced Reyes-Valentino's statements by denying his request for an attorney and withholding his diabetes medicine were

4

known to Reyes-Valentino at all times. Even though Reyes-Valentino had all the information necessary to bring a Rule 12(b) motion before the deadline, he did not file his motion to suppress until four months after the district court's filing deadline had passed and a week before trial. Therefore, he waived his opportunity to file that suppression motion. <u>See</u> Fed. R. Crim. P. 12(e). Nor has Reyes-Valentino demonstrated good cause why he did not present those allegations to his two previous attorneys or, if he did, why his counsel never pursued them.[1] <u>See</u> <u>Seher</u>, 562 F.3d at 1359 n.15.

**AFFIRMED.**

---

[1] The district court's consideration of the merits did not excuse Reyes-Valentino's waiver. <u>See</u> <u>Milian-Rodriguez</u>, 828 F.2d at 683.

5